# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

ANTHONY WOODS (S-06486),

    Plaintiff,

    v.

JUDGE MICHAEL MCHALE, et al.,

    Defendants.

No. 14 CV 5689

Judge Manish S. Shah

## ORDER

Plaintiff's letter to the Court [8] is construed as a Fed. R. Civ. P. 59(e) motion to alter or amend the 8/12/14 order dismissing this case and counting the dismissal as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). As so construed, Plaintiff's letter motion is denied. This case remains closed, and the dismissal of this case shall still be considered one under § 1915(g).

## STATEMENT

Plaintiff Anthony Woods, currently confined at Sheridan Correctional Center, has forwarded a letter to the Court following the dismissal of this case and the denial of his motion to submit an amended complaint. Plaintiff's letter, a duplicate of which is the basis of his suit, *Woods v. Cook County Department of Corrections*, No. 14 C 6829, states the Court misunderstood the claims he sought to bring in this case. As more clearly stated in Plaintiff's letter, he appeared before Judge McHale in the Cook County Circuit Court in case number 13 CR 22204. Plaintiff was already incarcerated for violating his parole by stalking the victim of a prior crime. Plaintiff contends: "I was serving a double jeopardy sentence because the judge in case no. 13 CR 22204 allowed the arrest report which I was serving time for to be used as a discovery for a new case." (Doc. 8, Letter). Plaintiff contends that his confinement is unconstitutional. *Id.*

Even if this Court misunderstood the underlying facts of Plaintiff's claims, the grounds upon which this Court dismissed this case still apply. Plaintiff filed this case as a civil rights action pursuant to 42 U.S.C. § 1983 against a state court judge for his actions taken while presiding over Plaintiff's criminal case. As previously stated, judges have absolute immunity from § 1983 suits for actions taken in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 10 (1991); *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir.2005). Even if Judge McHale's actions were wrong, and even

if Plaintiff's current confinement amounts to a double-jeopardy violation, he cannot sue the judge who sentenced him.

Plaintiff's letter to the Court clarifies that he seeks to challenge his current confinement as unconstitutional, either as a double-jeopardy violation, a due process violation, or both. Such challenges cannot be brought in a § 1983 civil rights action. As noted in the prior order in this case, "the writ of habeas corpus [i]s the exclusive civil remedy for prisoners seeking release from custody." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005). If Plaintiff seeks release from incarceration, he must exhaust state court remedies (file an appeal of the state court's judgment in the state's appellate court and then a petition for leave to appeal ("PLA") in the state's supreme court, or file a post-conviction petition in the state's trial court followed by an appeal and a PLA). Only after exhausting state court remedies, may Plaintiff seek to bring a federal petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, not § 1983, in this Court.

The instant case, however, does not simply involve a mislabeled § 2254 petition. Plaintiff states that he seeks an award of $5.1 million dollars for his wrongful incarceration. (Compl at 3; Amended Compl. at 3; Letter at 3). Plaintiff cannot pursue a claim for damages based upon an allegedly unconstitutional conviction or sentence until the conviction or sentence has been invalidated. A complaint, the success of which "would necessarily imply the invalidity of his conviction or sentence," cannot be filed "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Until Plaintiff demonstrates that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," he cannot file a § 1983 complaint seeking damages for the confinement. *Id.*; *Burd v. Sessler*, 702 F.3d 429, 432 (7th Cir. 2012).

For the reasons stated above, even assuming Plaintiff's allegations are true and that the Court initially misconstrued his allegations, he still seeks to bring a § 1983 suit against a party with absolute immunity and seeks damages for an allegedly unconstitutional conviction or sentence that has not been invalidated. Such a complaint presents no claims upon which this Court can grant relief and asserts legally frivolous claims, thus warranting dismissal under 28 U.S.C. § 1915A. *In re Jones*, 652 F.3d 36, 39, 397 (D.C. Cir. 2011); *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1249 (10th Cir. 2007) (both cases holding that § 1983 suits barred by *Heck* present a legally frivolous argument and warrant strikes under § 1915(g)). Plaintiff has neither demonstrated a manifest error of law or fact, nor has he presented newly discovered evidence to justify altering or amending the Court's August 12, 2014 order. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008).

2

The August 12, 2014 order dismissing this case and counting the dismissal as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g) stands.

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). If Plaintiff seeks to proceed *in forma pauperis* on appeal, he must submit an application in this Court and set forth the issues he plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). Having accumulated three §1915(g) dismissals, Plaintiff will not be able to appeal IFP unless he is imminent danger of serious physical injury. *See* § 1915(g); *Coleman v. Tollefson*, 733 F.3d 175, 177 (7th Cir. 2013); *Robinson v. Powell*, 297 F.3d 540, 541 (7th Cir. 2002) (a district court's issuance of a third strike counts even if the judgment is being challenged on appeal). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another § 1915(g) dismissal.

ENTER:

Date: 9/26/14

Manish S. Shah
U.S. District Judge